IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
FILE NO. 7:24-cv-00725-FL

| | | |
|---|---|---|
| ROBERT E. JERABEK, | ) | **DEFENDANTS SEAN T. DALE,** |
| Plaintiff, | ) | **EDWARD MCMAHON, JUSTIN P.** |
| | ) | **KRAFT, TYLER K. MARTIN,** |
| v. | ) | **TIMOTHY W. WILSON AND OHIO** |
| | ) | **CASUALTY INSURANCE** |
| SEAN T. DALE; NEW HANOVER COUNTY; | ) | **COMPANY'S** |
| THE HONORABLE EDWARD J. MCMAHON | ) | **JOINT ANSWER** |
| in his capacity as NEW HANOVER COUNTY | ) | **AND** |
| SHERIFF; JUSTIN P. KRAFT; TYLER K. | ) | **AFFRIMATIVE DEFENSES** |
| MARTIN; TIMOTHY W. WILSON; and THE | ) | |
| OHIO CASUALTY INSURANCE COMPANY; | ) | **(Fed. R. Civ. P. 8(b)-(c))** |
| | ) | |
| Defendants. | ) | |

NOW COME Defendants Sean T. Dale (hereinafter "Officer Dale"), Edward McMahon (hereinafter "Sheriff McMahon"), Justin P. Kraft (hereinafter "Officer Kraft"), Tyler K. Martin (hereinafter "Officer Martin"), Timothy W. Wilson (hereinafter "Officer Wilson") and Ohio Casualty Insurance Company (hereinafter "Ohio Casualty") (hereinafter collectively "Defendants"), by and through the undersigned counsel, pursuant to Rule 8 of the Federal Rules of Civil Procedure, and hereby respond to the allegations contained in Plaintiff Robert E. Jerabek's (hereinafter "Plaintiff") Complaint.

### FIRST AFFIRMATIVE DEFENSE
**Qualified Immunity**

Defendants plead qualified immunity as an affirmative defense and as a complete and total bar to the federal individual capacity claims asserted against them.

## SECOND AFFIRMATIVE DEFENSE
### Public Official Immunity

Defendants plead public official immunity as an affirmative defense and as a complete and total bar the state individual capacity claims asserted against them.

## THIRD AFFIRMATIVE DEFENSE
### Governmental Immunity

Defendants plead governmental immunity as an affirmative defense and as a complete and total bar the state official capacity claims asserted against them.

## FOURTH AFFIRMATIVE DEFENSE
### Failure to Exhaust Administrative Remedies - 42 U.S.C. § 1997(e)

Defendants plead Plaintiff's failure to exhaust administrative remedies as an affirmative defense and as a complete and total bar to the claims asserted against them.

## FIFTH AFFIRMATIVE DEFENSE
### Contributory Negligence

Defendants plead Plaintiff's contributory negligence as an affirmative defense and as a complete and total bar to Plaintiff's negligence-based causes of action.

## SIXTH AFFIRMATIVE DEFENSE
### Reservation of Rights

To the extent applicable and allowed by law, Defendants reserve their right to move for leave to amend this answer to assert additional affirmative defenses as they become known or available.

# ANSWER

The above-named Defendants respond to each the enumerated factual allegations contained within the Complaint as follows:

1. Defendants are without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and therefore deny the same.

2. As to the allegations contained in paragraph 2 of the Complaint, it is admitted that New Hanover County is a body politic within the State of North Carolina. The remaining allegations contained within paragraph 2 of the Complaint are denied.

3. It is admitted that Sheriff MacMahon is a citizen and resident of New Hanover County, is the employer of the individually named officers in this Action, and is the elected and acting Sheriff of New Hanover County. The remaining allegations contained within paragraph 3 of the Complaint are denied.

4. It is admitted that Officer Kraft is employed by Sheriff MacMahon and is a citizen and resident of New Hanover County. The remaining allegations contained within paragraph 4 of the Complaint are denied.

5. It is admitted that Officer Dale is employed by Sheriff MacMahon and is a citizen and resident of New Hanover County. The remaining allegations contained within paragraph 5 of the Complaint are denied.

6. It is admitted that Officer Martin is employed by Sheriff MacMahon and is a citizen and resident of New Hanover County. The remaining allegations contained within paragraph 6 of the Complaint are denied.

7. It is admitted that Officer Wilson is employed by Sheriff MacMahon and is a citizen and resident of New Hanover County. The remaining allegations contained within paragraph 7 of the Complaint are denied.

8. The allegations contained in paragraph 8 of the Complaint are admitted.

9. The allegations contained in paragraph 9 of the Complaint are editorial in nature, and as such, no responsive pleading is required.

10. The allegations contained in paragraph 10 of the Complaint are editorial in nature, and as such, no responsive pleading is required.

11. The allegations contained in paragraph 11 of the Complaint are editorial in nature, and as such, no responsive pleading is required.

12. The allegations contained in paragraph 12 of the Complaint are editorial in nature, and as such, no responsive pleading is required.

13. The allegations contained in paragraph 13 of the Complaint are admitted upon information and belief.

14. Defendants are without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint and therefore deny the same.

15. Defendants are without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint and therefore deny the same.

16. Defendants are without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint and therefore deny the same.

17. Defendants are without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint and therefore deny the same.

18. Defendants are without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint and therefore deny the same.

19. The allegations contained in paragraph 19 of the Complaint are admitted.

20. The allegations contained in paragraph 20 are denied.

21. The allegations contained in paragraph 21 are denied.

22. As to the allegations contained in paragraph 22 of the Complaint, it is admitted that Plaintiff was strip searched as part of the booking process. It is further admitted that during the process, and throughout the entirety of his encounter with Defendants, Plaintiff presented in an aggressive and hostile manner. It is further admitted that Plaintiff insulted the detention officers throughout the booking process. Except as expressly herein admitted, the allegations contained in paragraph 22 of the Complaint are denied.

23. The allegations contained in paragraph 23 of the Complaint are conclusory in nature, and as such, no responsive pleading is required. To the extent that a responsive pleading is required, the allegations contained in paragraph 23 of the Complaint are denied.

24. The allegations contained in paragraph 24 of the Complaint are admitted. It is further admitted that detention officers handcuffed Plaintiff in response to Plaintiff stating you "better not touch me or there will be a problem." It is further admitted that while Officer Kraft was escorting Plaintiff to his cell, Plaintiff began to slow down then push back against Officer

Kraft. It is further admitted that Officer Kraft responded by instructing Plaintiff to walk. It is further admitted that Plaintiff stated, "I'm walking but I'm not going to get pushed."

25. The allegations contained in paragraph 25 of the Complaint are admitted, it is admitted that Officer Dale grabbed Plaintiff's right arm because Plaintiff, through his words and actions, telegraphed an intent to physically resist the officers attempt to escort him to a housing cell. It is further admitted that when Officer Dale grabbed Plaintiff's right arm, Officer Dale attempted to advise Plaintiff that if he continued to push back against the detention officers that they would bring him to the ground.

26. As to the allegations contained in paragraph 26 of the Complaint, it is admitted that Officer Dale grabbed Plaintiff's right arm in response to Plaintiff continuing to telegraph an intent to physically resist the officers' attempts to escort him to a housing cell. It is further admitted that as Officer Dale grabbed Plaintiff's right arm and attempted to instruct Plaintiff not to push back against the officers, Plaintiff leaned and pushed back against the officers which, when combined with Plaintiff's behavior up to that point, Officer Dale identified as an indicator that Plaintiff was either going to assault the officers or drop to the floor. In an attempt to neutralize an escalating situation, Officer Dale pushed Plaintiff against the wall and then took him to the ground. The allegation that the detention officers' actions were without lawful justification is denied. Except as expressly herein admitted, the allegations contained in paragraph 26 of the Complaint are denied.

27. The allegations contained in paragraph 27 of the Complaint are denied.

28. The allegations contained in paragraph 28 of the Complaint are admitted.

29. As to the allegations contained in paragraph 29 of the Complaint, it is admitted that Plaintiff, while on the ground, continued to tense up and push back against the detention

6

officers despite their repeated commands for him to stop. If is further admitted that Plaintiff requested a "God [expletive] medical person" for his ankle. The allegation that Plaintiff lost consciousness is denied. Expect as expressly herein admitted, the allegations contained in paragraph 29 of the Complaint are denied.

30. As to the allegations contained in paragraph 30 of the Complaint, it is admitted that while Plaintiff was on the ground, his arms were behind his back. The allegation that Plaintiff pushing back against the detention officers was an involuntary response is denied. Except as expressly herein admitted, the allegations contained in paragraph 30 of the Complaint are denied.

31. As to the allegations contained in paragraph 31 of the Complaint, it is admitted that Officer Kraft said, "stop pushing back against me." Except as expressly herein admitted, the allegations contained in paragraph 31 of the Complaint are denied.

32. As to the allegations contained in paragraph 32 of the Complaint, it is admitted that Officer Dale warned Plaintiff that he would punch him in the face if he continued to grab at the detention officers. Except as expressly herein admitted, the allegations contained in paragraph 32 of the Complaint are denied.

33. The allegations contained in paragraph 33 of the Complaint are denied.

34. As to the allegations contained in paragraph 34 of the Complaint, it is admitted while advising Plaintiff to quit pushing back against them, detention officers requested a wheelchair in an attempt to mitigate Plaintiff's continued resistance their continued attempts at transferring him to his housing cell. Except as expressly herein admitted, the allegations contained in paragraph 34 of the Complaint are denied.

35. As to the allegations contained in paragraph 35, it is admitted that once the wheelchair arrived, the detention officers assisted Plaintiff off the floor and into a standing position. It is further admitted that once the wheelchair was positioned underneath Plaintiff, Officer Dale instructed Plaintiff to "sit down" twice but Plaintiff did not comply. It is further admitted that upon Plaintiff's refusal to comply with Officer Dale's order, Officer Dale pushed him into the wheelchair in order to gain compliance. The allegation that the detention officers' actions were without lawful justification is denied. Except as expressly herein admitted, the allegations contained in paragraph 35 of the Complaint are denied.

36. The allegations contained in paragraph 36 of the Complaint are denied.

37. The allegations contained in paragraph 37 of the Complaint are admitted.

38. As to the allegations contained in paragraph 38 of the Complaint, it is admitted that when they arrived at the housing cell, Officers Kraft and Dale assisted Plaintiff out of the wheelchair, escorted him into the cell, and pushed him onto the matt on the cell floor. The allegation that the detention officers' actions were without lawful justification is denied. Except as expressly herein admitted, the allegations contained in paragraph 38 of the Complaint are denied.

39. As to the allegations contained in paragraph 39 of the Complaint, it is admitted that a detention office advised Plaintiff not to push against him. It is further admitted that while Plaintiff was on the matt, detention officers removed his handcuffs and exited the cell. The allegation that Plaintiff was knocked unconscious is denied. Except as expressly herein admitted, the allegations contained in paragraph 39 of the Complaint are denied.

40. As to the allegations contained in paragraph 40, it is admitted that medical personnel provided by Wellpath attempted to evaluate Plaintiff for complaints of injury to his

8

shoulder following his encounter with the detention officers. It is further admitted that Plaintiff refused medical treatment. Except as expressly herein admitted, the allegations contained in paragraph 40 of the Complaint are denied.

41. The allegations contained in paragraph 41 of the Complaint are denied.

42. As to the allegations contained in paragraph 42 of the Complaint, it is admitted that Plaintiff was released from custody on October 13, 2021. It is further admitted that Plaintiff refused medical personnel's attempts to exam and evaluate Plaintiff's complaints of right shoulder pain inhibited their ability to provide further recommendations, if any. Except as expressly herein admitted, the allegations contained in paragraph 42 of the Complaint are denied.

43. The allegations contained in paragraph 43 of the Complaint are denied.

44. The allegations contained in paragraph 44 of the Complaint are admitted.

45. As to the allegations contained in paragraph 45 of the Complaint, it is admitted that New Hanover County has purchased an insurance policy which names the New Hanover County Sheriff's Office as an additional insured. The allegation that the purchase of said insurance has resulted in a waiver of immunity is denied. Except as expressly herein admitted, the allegations contained in paragraph 45 of the Complaint are denied.

46. As to the allegations contained in paragraph 46 of the Complaint, it is admitted that Sheriff McMahon has waived governmental immunity up to the value of the Bond. Except as expressly herein admitted, the allegations contained in paragraph 46 of the Complaint are denied.

47. As to the allegations contained in paragraph 47 of the Complaint, it is admitted that the New Hanover County Sheriff's Office is listed as an additional insured on a policy

purchased by New Hanover County. Except as expressly herein admitted, the allegations contained in paragraph 47 of the Complaint are denied.

48. The allegations contained in paragraph 48 of the Complaint are denied.

49. The allegations contained in paragraph 49 of the Complaint purport to state a legal conclusion, and as such, no responsive pleading is necessary.

50. Defendants hereby restate their responses to the allegations contained in paragraphs 1 through 49 of the Complaint and incorporate them as if fully set forth herein.

51. The allegations contained in paragraph 51 of the Complaint are denied.

52. The allegations contained in paragraph 52 of the Complaint are denied.

53. The allegations contained in paragraph 53 of the Complaint are denied.

54. The allegations contained in paragraph 54 of the Complaint are denied.

55. The allegations contained in paragraph 55 of the Complaint are denied.

56. The allegations contained in paragraph 56 of the Complaint are denied.

57. Defendants hereby restate their responses to the allegations contained in paragraphs 1 through 56 of the Complaint and incorporate them as if fully set forth herein.

58. The allegations contained in paragraph 58 of the Complaint are denied.

59. The allegations contained in paragraph 59 of the Complaint are denied.

60. The allegations contained in paragraph 60 of the Complaint are denied.

61. The allegations contained in paragraph 61 of the Complaint are denied.

62. The allegations contained in paragraph 62 of the Complaint are denied.

63. The allegations contained in paragraph 63 of the Complaint are denied.

64. Defendants hereby restate their responses to the allegations contained in paragraphs 1 through 63 of the Complaint and incorporate them as if fully set forth herein.

65. The allegations contained in paragraph 65 of the Complaint are denied.

66. The allegations contained in paragraph 66 of the Complaint refer to a written document the contents of which speak for themselves, and as such, no responsive pleading is required.

67. The allegations contained in paragraph 67 of the Complaint are admitted.

68. The allegations contained in paragraph 68 of the Complaint are denied.

69. The allegations contained in paragraph 69 of the Complaint refer to a written document the contents of which speak for themselves, and as such, no responsive pleading is required.

70. The allegations contained in paragraph 70 of the Complaint are denied.

71. The allegations contained in paragraph 71 of the Complaint are admitted.

72. The allegations contained in paragraph 72 of the Complaint are denied.

73. The allegations contained in paragraph 73 of the Complaint are denied.

74. The allegations contained in paragraph 74 of the Complaint are denied.

75. The allegations contained in paragraph 75 of the Complaint are denied.

76. The allegations contained in paragraph 76 of the Complaint are denied.

77. The allegations contained in paragraph 77 of the Complaint are denied.

78. The allegations contained in paragraph 78 of the Complaint are denied.

79. The allegations contained in paragraph 79 of the Complaint are denied.

80. Defendants hereby restate their responses to the allegations contained in paragraphs 1 through 79 of the Complaint and incorporate them as if fully set forth herein.

81. The allegations contained in paragraph 81 of the Complaint are denied.

82. The allegations contained in paragraph 82 of the Complaint are denied.

83. The allegations contained in paragraph 83 of the Complaint are denied.

84. The allegations contained in paragraph 84 of the Complaint are denied.

85. The allegations contained in paragraph 85 of the Complaint are denied.

86. The allegations contained in paragraph 86 of the Complaint are denied.

87. The allegations contained in paragraph 87 of the Complaint are denied.

88. The allegations contained in paragraph 88 of the Complaint are denied.

89. The allegations contained in paragraph 89 of the Complaint are denied.

90. Defendants hereby restate their responses to the allegations contained in paragraphs 1 through 89 of the Complaint and incorporate them as if fully set forth herein.

91. The allegations contained in paragraph 91 of the Complaint are denied.

92. The allegations contained in paragraph 92 of the Complaint are denied.

93. The allegations contained in paragraph 93 of the Complaint are denied.

94. The allegations contained in paragraph 94 of the Complaint are denied.

95. The allegations contained in paragraph 95 of the Complaint are denied.

96. The allegations contained in paragraph 96 of the Complaint are denied.

97. The allegations contained in paragraph 97 of the Complaint are denied.

98. Defendants hereby restate their responses to the allegations contained in paragraphs 1 through 97 of the Complaint and incorporate them as if fully set forth herein.

99. The allegations contained in paragraph 99 of the Complaint are denied.

100. The allegations contained in paragraph 100 of the Complaint are denied.

101. The allegations contained in paragraph 101 of the Complaint are denied.

102. Defendants hereby restate their responses to the allegations contained in paragraphs 1 through 101 of the Complaint and incorporate them as if fully set forth herein.

103. The allegations contained in paragraph 103 of the Complaint purport to state a legal conclusion, and as such, no responsive pleading is required.

104. The allegations contained in paragraph 104 of the Complaint are denied.

105. The allegations contained in paragraph 105 of the Complaint are denied.

106. The allegations contained in paragraph 106 of the Complaint are denied.

107. The allegations contained in paragraph 107 of the Complaint are denied.

108. Defendants hereby restate their responses to the allegations contained in paragraphs 1 through 108 of the Complaint and incorporate them as if fully set forth herein.

109. The allegations contained in paragraph 109 of the Complaint purport to state a legal conclusion, and as such, no responsive pleading is required.

110. The allegations contained in paragraph 110 of the Complaint are denied.

111. The allegations contained in paragraph 111 of the Complaint are denied.

112. The allegations contained in paragraph 112 of the Complaint are denied.

113. Defendants hereby restate their responses to the allegations contained in paragraphs 1 through 112 of the Complaint and incorporate them as if fully set forth herein.

114. The allegations contained in paragraph 114 of the Complaint purport to state a legal conclusion, and as such, no responsive pleading is required.

115. The allegations contained in paragraph 115 of the Complaint are denied.

116. The allegations contained in paragraph 116 of the Complaint are denied.

117. The allegations contained in paragraph 117 of the Complaint are denied.

118. The allegations contained in paragraph 118 of the Complaint are denied.

119. All allegations contained within the Complaint the not expressly herein admitted are denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully pray that the Court grant the following relief:

1. That Plaintiff have and recover nothing from Defendants;

2. That Plaintiff's claims be dismissed, with prejudice, and that the costs be assessed against Plaintiff;

3. For a trial by jury on all issues so triable;

4. For attorney's fees to the degree permitted by law; and

5. For such and other and further relief as the Court deems just and proper.

Respectfully submitted, this the 25th day of September, 2024.

           SUMRELL SUGG, P.A.
           *Attorneys for Defendants*

BY:   /s/Frederick H. Bailey, III
        State Bar No. 36603
        E-mail: fbailey@nclawyers.com

BY:   /s/James H. Ferguson, III
        State Bar No. 57889
        E-mail: jhferguson@nclawyers.com
        Post Office Drawer 889
        New Bern, North Carolina 28563
        Telephone: (252) 633-3131

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing **DEFENDANTS SEAN T. DALE, EDWARD MCMAHON, JUSTIN P. KRAFT, TYLER K. MARTIN, TIMOTHY W. WILSON AND OHIO CASUALTY INSURANCE COMPANY'S JOINT ANSWER AND AFFRIMATIVE DEFENSES** was served upon all parties to this action by depositing the same in a postpaid wrapper in an official depository under the exclusive care and custody of the United States Postal Service, New Bern, North Carolina, and addressed to:

> John L. Tidball, Esq.
> SPEAKS LAW FIRM, PC
> 902 Market Street
> Wilmington, North Carolina 28401
> Telephone: (910) 341-7570
> E-Mail: jtidball@speakslaw.com
> *Attorney for Plaintiff*

This the 25th day of September, 2024.

> SUMRELL SUGG, P.A.
> *Attorneys for Defendants*
>
> BY: /s/Frederick H. Bailey, III
> State Bar No. 36603
> E-mail: fbailey@nclawyers.com
> Post Office Drawer 889
> New Bern, North Carolina 28563
> Telephone: (252) 633-3131